# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

KEVIN RAY MONCRIEF,      )
      )
      Petitioner,      )
v.      )      No. 1:11-cv-024-WTL-TAB
      )
SUPERINTENDENT,      )
Pendleton Correctional Facility,      )
      )
      Respondent.      )

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

Kevin Moncrief was convicted in 2007 in an Indiana state court of voluntary manslaughter. Claiming that his conviction is tainted by constitutional error, Moncrief seeks a writ of habeas corpus.

For the reasons explained in this Entry, Moncrief's petition for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue**.**

## I.

## A.

In September 2006, Moncrief was charged with the murder of Allen Humphrey. At trial, a jury found Moncrief guilty of the lesser included offense of voluntary manslaughter. His conviction was affirmed on appeal in *Moncrief v. State*, No. 49A02-0711-CR-00975; (Ind.Ct.App. May 22, 2008). The trial court's denial of Moncrief's petition for post-conviction relief was affirmed in *Moncrief v. State*, No. 49A05-1004-PC-00245 (Ind.Ct.App. September 13, 2010).

The facts on which the jury's verdict was returned are these. On September 25, 2006, Allen Humphrey and his friends spent the day on Humphrey's front porch drinking "Wild Irish Rose" wine, smoking marijuana, and ingesting cocaine. Later that afternoon, Moncrief, Humphrey's neighbor, walked over to the porch to talk to one of Humphrey's friends. Humphrey called Moncrief a "punk bitch" several times. Five-foot nine-inch, 140–pound Moncrief told five-foot eleven-inch, 238–pound Humphrey that he was not afraid of him, and turned and left the porch.

Moncrief, who appeared scared, went home and got a gun. He called Humphrey over to his front porch and told Humphrey several times to stop "walking on [him]."

Humphrey responded by "chest-bumping" him several times. Moncrief pulled out his gun and shot Humphrey, who died as a result of the gunshot.

**B.**

In his direct appeal, Moncrief argued that the trial court had committed error in giving an instruction on voluntary manslaughter. That instruction, under Indiana law, was predicted on sufficient evidence to support a jury finding of "sudden heat." The Indiana Court of Appeals rejected this argument. No petition for transfer was filed.

In his action for post-conviction relief, Moncrief argued that his attorney in the direct appeal had been ineffective by failing to file a petition to transfer raising his challenge to the trial court's voluntary manslaughter instruction.

In his habeas petition, Moncrief claims that: 1) he was denied the effective assistance of counsel at trial, 2) he was denied the effective assistance of counsel in his direct appeal, and 3) the trial court erred in giving an instruction on voluntary manslaughter.

**C.**

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). *See Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004).

Review of Moncrief's habeas petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lambert v. McBride,* 365 F.3d 557, 561 (7th Cir. 2004). The AEDPA "place[s] a new constraint" on the ability of a federal court to grant habeas corpus relief to a state prisoner "with respect to claims adjudicated on the merits in state court." *Williams v. Taylor,* 529 U.S. 362, 412 (2000). Under the AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state-court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent, or if the state-court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d)(1), (2); *Early v. Packer,* 537 U.S. 3, 7-8 (2003); *Lambert,* 365 F.3d at 561.

The following principles provide guidelines for an AEDPA analysis.

- A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 404-08 (2000).

- "A state court decision is contrary to clearly established law if it applies a legal standard inconsistent with governing Supreme Court precedent or contradicts the Supreme Court's treatment of a materially identical set of facts. A state court unreasonably applies Supreme Court precedent if the state court identifies the correct legal rule but applies it in a way that is

objectively unreasonable. *Bynum v. Lemmon,* 560 F.3d 678, 683 (7th Cir. 2009)(internal citations omitted).

- "Clearly established federal law" means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003).

- Under the "unreasonable application" prong of the AEDPA standard, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *Williams,* 529 U.S. at 407; *see also Badelle v. Correll,* 452 F.3d 648, 653 (7th Cir. 2006). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen,* 130 S. Ct. 841, 845 (2010). The Seventh Circuit "has defined 'objectively unreasonable' as lying well outside the boundaries of permissible differences of opinion and will allow the state court's decision to stand if it is one of several equally plausible outcomes." *Burgess v. Watters,* 467 F.3d 676, 681 (7th Cir. 2006)(international citations and quotations omitted).

- "Under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010).

- "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004)(citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

- With respect to § 2254(d)(2), state-court determinations of factual issues are presumed correct   unless the petitioner can rebut the presumption   by clear and convincing evidence.   28 U.S.C. § 2254(e)(1); *Sprosty v. Buchler,* 79 F.3d 635, 643 (7th Cir. 1996). To overcome the presumption, a habeas petitioner must proffer clear and convincing evidence to show that a factual determination is "objectively unreasonable in light of the evidence presented in the state-court proceeding." *Williams v. Beard,* 2011 802047, *6 (3rd Cir. 2011)(footnote omitted) (citing *Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003)).

In addition to the foregoing substantive standards, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene,* 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992), *cert. denied,* 508 U.S. 962 (1993). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's *actual and substantial disadvantage,'*); or (b) that failure to consider his claim would result in a

fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted); *see also Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002), *cert. denied,* 537 U.S. 1214 (2003).

**D.**

Moncrief's first habeas claim is that trial counsel did not adequately challenge the credibility of state's witnesses. This claim was not presented to the Indiana courts either in Moncrief's direct appeal or in his action for post-conviction relief. Moncrief has therefore committed procedural default with respect to this claim.

Another specification of trial counsel's ineffectiveness in Moncrief's first habeas claim is that counsel was not effective in opposing the court giving an instruction on voluntary manslaughter. This claim lacks merit because it was not error for that instruction to have been given.

Moncrief's second habeas claim is that his attorney in his direct appeal was ineffective in not adequately challenging the trial court's involuntary manslaughter instruction by not filing a petition to transfer with the Indiana Supreme Court as to that claim. This claim lacks merit, however, because there is no constitutional right to counsel–nor, perforce, to the effective representation of such counsel--in seeking discretionary review. *Ross v. Moffitt,* 417 U.S. 600, 610 (1974); *see also Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2003)("The constitutionally secured right to counsel ends when the decision by the appellate court is entered.").

Moncrief's third habeas claim is that the trial court erred in giving an instruction on voluntary manslaughter. If viewed solely as a matter of state law, of course, this claim is not cognizable here. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions"); *Dressler v. McCaughtry,* 238 F.3d 908, 914 (7th Cir. 2001). If viewed through the lens of due process, this claim lacks merit. The Indiana Court of Appeals explained the basis for its finding of appreciable evidence of sudden heat in the record:

> In the present case, the evidence disclosed that Humphrey, who was of much larger stature, called Moncrief a "punk bitch" several times. Tr. at 112. Moncrief, appearing scared, returned across the yard to his own home and retrieved a gun. When Moncrief returned to the yard, he called for Humphrey, and Humphrey went over to where Moncrief was standing. Moncrief told Humphrey to stop "walking up on [him]," and Humphrey "chest bumped" Moncrief several times. Tr. at 348 and 353. When Humphrey "made a flinch, like he was going to grab" Moncrief, Moncrief shot him. Tr. at 117.

*Moncrief v. State*, No. 49A05-1004-PC-00245, at p. 2. The evidence summarized above certainly supplies an adequate basis on which the trial court could reasonably conclude that an instruction on voluntary manslaughter was warranted.

## E.

Moncrief's conviction withstood challenge in the Indiana courts, and thus a presumption of constitutional regularity attaches to it. *See Farmer v. Litscher,* 303 F.3d 840, 845 (7th Cir. 2002) (citing *Parke v. Raley,* 506 U.S. 20, 29-30 (1992)); *Milone v. Camp,* 22 F.3d 693, 698-99 (7th Cir. 1994) ( Federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law ).[4] This court has carefully reviewed the state record in light of Moncrief's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus. *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Moncrief to relief in this case. His petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 Proceedings, and 28 U.S.C. ' 2253(c), the court finds that Moncrief has failed to show that reasonable jurists would find Λit debatable whether the petition states a valid claim of the denial of a constitutional right@ and Λdebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: ___09/21/2011___

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

4 Obviously, this is not a presumption related to the AEDPA, but is "the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Parke v. Raley,* 506 U.S. at 29 (citing *Johnson v. Zerbst,* 304 U.S. 458, 464, 468 (1938)).